## CARRIE FRENCH v. C. BOOSALIS.[1]

June 9, 1922.

No. 22,813.

**Vacating judgment—decision on conflicting affidavits sustained.**

The affidavits upon which an application for the vacation of a judgment was granted were in conflict. The determination by the district court of the question of fact they presented is supported by defendant's affidavits and in its action there was no abuse of the broad discretionary powers vested in the court.

Action in the district court for Hennepin county to recover $850 upon a promissory note. From an order, Nye, J., vacating a default judgment against defendant, plaintiff appealed. Affirmed.

*F. M. Ridgway*, for appellant.

*Roberts & Strong*, for respondent.

LEES, C.

Appeal by plaintiff from an order vacating a default judgment entered August 2, 1920, against the defendant, whose true name is Christ G. Boosalis, but who was sued under the name of C. Boosalis. The application to vacate the judgment was made November 4, 1921.

[1]Reported in 188 N. W. 570.

Affidavits were presented in support of and in opposition to the application. Those presented by defendant would justify the court in finding that he took the summons to plaintiff's attorney before the time for answering had expired and stated that he was not the person who executed the promissory note upon which the action was founded and that a mistake had been made in serving the summons upon him; that he was informed that the action would be dropped and so paid no more attention to it until October, 1921, when he was notified by the sheriff that he had an execution against him upon a judgment which had been entered in favor of the plaintiff. If defendant's affidavits are true, the court would also be justified in finding that at one time a man named Christ D. Boosalis was associated in business with him under the firm name and style of "C. Boosalis Brothers & Company"; that in September, 1911, defendant and one George D. Boosalis purchased the interest of Christ D. in the business and thereafter continued it. That Christ D. left the United States many years ago and returned to his former home in Greece and has not been in this country for more than five years last past; that Christ D. signed papers under the name of "C. Boosalis"; that the note was his and was not given in connection with any business of the firm; that, soon after the judgment was entered, defendant's attention was called to it by a representative of a commercial agency to whom he stated these facts; and that he had no notice that the judgment was against him until he got the information from the sheriff as already stated.

The affidavits upon which the application was opposed would sustain a finding that the defendant knew that the action against him would result in a judgment if he did not answer; that he was advised by plaintiff's attorney to consult his own attorney; and that within a few days after the judgment was entered he knew of it and knew that it was against him.

Whether the defendant had notice of the judgment prior to October, 1921, in view of the conflicting statements in the affidavits, was a question of fact, and in granting the application the district court necessarily must have found that the facts were as stated by defendant. If the application was made in time, the court in its

discretion might relieve the defendant from the judgment. In the exercise of its discretion, a court is properly inclined to give the defendant an opportunity to establish his defense upon a trial on the merits and its action should not be reversed on appeal except for a clear abuse of discretion. 2 Dunnell, Minn. Dig. §§ 5012, 5013, 5035.

Order affirmed.